**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: August 27 2007**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-34196 |
| | ) | |
| Kermit W. Berger, Jr., and | ) | Chapter 7 |
| Linda L. Berger, | ) | |
| | ) | Adv. Pro. No. 05-3214 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Patricia A. Kovacs, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Kenneth W. Berger, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION

This adversary proceeding is before the court for decision after trial on a complaint to avoid a transfer of a Honda motorcycle filed by the Chapter 7 Trustee ("Trustee"). In her complaint, the Trustee alleges that Debtor Kermit Berger's ("Debtor") prepetition transfer of a Honda motorcycle to his son, Defendant Kenneth Berger, was either a preferential transfer under 11 U.S.C. § 547 or a fraudulent conveyance under 11 U.S.C. § 548. In addition, in her trial brief, the Trustee raised the issue of avoidance

of the motorcycle transfer under 11 U.S.C. § 544(b)(1) and the Ohio Uniform Fraudulent Transfer Act.

The court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334(b) and the general order of reference entered in this district. Proceedings to determine, avoid or recover fraudulent transfers and preferences are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(F) and (H). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, applicable to this adversary proceeding under Fed. R. Bankr. P. 7052. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, weighed the credibility of the witnesses, considered all of the evidence, and reviewed the entire record of the case. Based upon that review, and for the reasons discussed below, the court finds that Plaintiff is entitled to judgment on her claim brought under § 544(b)(1).

## FINDINGS OF FACT

In April 2004, Defendant Kenneth Berger, son of Debtors Kermit and Linda Berger, transferred to his father the title to a 1996 Honda motorcycle that he had purchased in 2002. Both Defendant and his wife, Dana Berger, testified that the reason for the transfer was that Dana had safety concerns and did not want him to have a motorcycle. Debtor, on the other hand, testified that his son told him in 2004 that the reason for the transfer was that his son was contemplating bankruptcy. Dana Berger confirmed that their financial circumstances "were tight" in 2004 and that they had previously spoken with an attorney regarding filing a bankruptcy petition but testified that they ultimately did not pursue that course of action.

It is undisputed that the motorcycle title transfer occurred for no consideration and that, after the transfer, the motorcycle remained in Defendant's possession at all times. Although Defendant previously rode and insured the motorcycle, it is also undisputed that he neither rode nor insured it while titled in Debtor's name. He did, however, pay for the registration and license plates during that time. It is also undisputed that Debtor never rode or insured the motorcycle during the time that it was titled in his name. On or about April 11, 2005, Debtor transferred title to the motorcycle back to Defendant for no consideration. Debtor testified that he never believed the motorcycle belonged to him and that he transferred title back to his son because Debtor was going to file for bankruptcy relief.

On April 28, 2005, Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. Debtor testified that they were not able to pay all of their debts at the time they filed their bankruptcy petition. Linda Berger testified that they had consulted counsel one week before filing, the appointment for which was made approximately two weeks before filing. At the time of filing, Debtors scheduled personal

2

property owned by them that included two vehicles – a 1973 GMC pick-up truck and a 1992 Geo Prism. In their Statement of Financial Affairs, they disclosed that the title to the motorcycle had been transferred to their son.

## **LAW AND ANALYSIS**

The Trustee's seeks to avoid Debtor's prepetition transfer of the motorcycle to Defendant as a preference under § 547 or as a fraudulent conveyance under § 548 or § 544(b).[1] For the reasons that follow, the court finds that the Trustee has met her burden of proof only under § 544(b).

### **I. 11 U.S.C. § 547**

In order to prevail on her preference claim, the Trustee must prove, among other things, that the transfer was "to or for the benefit of a creditor" and that the transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(1) and (2). The Trustee presented no evidence or argument at trial that Defendant was a creditor of Debtor or that the transfer was on account of an antecedent debt. Defendant is, therefore, entitled to judgment on this claim.

### **II. 11 U.S.C. § 548**

The Trustee also alleges that Debtor's transfer of the motorcycle was a fraudulent transfer under § 548. That section provides in relevant part as follows:

(a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

    (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

    (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

        (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

            (II) was engaged in business or a transaction, or was about to engage in

---

[1] Sections 547 and 548 were amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act"), which was signed into law on April 20, 2005. BAPCPA specifically made amendments to § 547 applicable to cases pending or commenced on or after the date of enactment and amendments to § 548 effective as of the date of enactment for cases filed on or after that date. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, sec. 1213(b) and sec. 1406, Pub. L. No. 109-8, 119 Stat. 23, 195, 215-16. The amendments to these sections are therefore applicable in this case, which was filed on April 28, 2005, after the date of enactment.

3

business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1).

In order to prevail on her fraudulent transfer claim, the Trustee must show that (1) Debtor had an interest in the property transferred; (2) the transfer occurred within two years of the date the petition was filed; and (3) the transfer was made with actual intent to hinder, delay, or defraud a creditor; or (4) the transfer was constructively fraudulent in that the transfer was made for less than a reasonably equivalent value *and* one of the four circumstances set forth in § 548(a)(1)(B)(ii) applies. The Trustee bears the burden of proving the elements of a fraudulent transfer by a preponderance of the evidence. *Shapiro v. Matouk (In re Hayes)*, 322 B.R. 644, 646 (Bankr. E.D. Mich. 2005).

In this case, there is no dispute that Debtor had at least a legal interest in the motorcycle as it was titled in his name and that he transferred title to the motorcycle within two years before the date of his petition. However, the court credits Debtor's testimony that he never believed he owned the motorcycle and that he transferred the motorcycle before he filed his bankruptcy petition because he believed it belonged to Defendant. Debtor never had possession of the motorcycle, never rode it, never insured it, and never took any other steps to exercise ownership of the motorcycle. His testimony is also buttressed by the fact that Debtor did not attempt to hide the transfer; the transfer was fully disclosed in Debtors' Statement of Financial Affairs. The court finds that the Trustee failed to prove that Debtor transferred the motorcycle with actual intent to hinder, delay, or defraud a creditor.

The court next considers whether the transfer was constructively fraudulent under § 548(a)(1)(B). There is no dispute that Debtor received no consideration in exchange for the transfer. The court rejects Defendant's argument that Debtor held only bare legal title and that Defendant retained at all times the beneficial interest in the motorcycle and, thus, presumably that Debtor had no cognizable interest in the property and was entitled to no consideration for the transfer. Defendant neither rode the motorcycle nor insured it during the period of time it was titled in Debtor's name. Notwithstanding Debtor's belief that the motorcycle belonged to Defendant, Defendant's stated purpose in transferring the motorcycle, either to address his wife's safety concerns or because he was contemplating bankruptcy, as well as his actions or

4

inaction during the period of time the motorcycle was titled in Debtor's name, demonstrate Defendant's intent to relinquish ownership rather than to maintain an equitable interest in the motorcycle.

Having demonstrated that Debtor received less than reasonably equivalent value for the transfer of title, in order to prove that the transfer was constructively fraudulent, the Trustee must also prove the existence of any one of the four circumstances set forth in § 548(a)(1)(B)(ii). The Trustee failed to present any evidence of such circumstances.

The first circumstance set forth in § 548(a)(1)(B)(ii)(I) requires the Trustee to prove that Debtor was insolvent on the date the transfer was made or became insolvent as a result of the transfer. The Bankruptcy Code defines insolvency with respect to an individual in pertinent part as follows: "financial condition such that the sum of such entity's debts is greater than the sum of such entity's property, at a fair valuation, exclusive of . . . property that may be exempted from property of the estate under section 522 of this title [providing exemptions for individual debtors]." 11 U.S.C. § 101(32)(A). The Trustee presented no evidence of insolvency as defined in § 101(32)(A). Debtors' testimony that they were unable to pay all of their debts at the time of filing their petition is insufficient evidence under §§ 548 and 101(32)(A) that they were insolvent on the date of the transfer. The Trustee incorrectly argues in her trial brief that because Debtor transferred the motorcycle within ninety days of filing his petition there is a presumption of insolvency. Although § 547 provides that a debtor is presumed to be insolvent during the ninety days before filing his petition, that provision applies only "for the purposes of this section." 11 U.S.C. § 547(f). There is no similar provision applicable to § 548.

The Trustee also presented no evidence that Debtor was engaged in, or about to engage in, business or a transaction for which his remaining property was an unreasonably small capital as set forth in § 548(a)(1)(B)(ii)(II). Nor did the Trustee present any evidence that Debtor intended to incur, or believed he would incur, debts that would be beyond his ability to pay as they matured as set forth in § 548(a)(1)(B)(ii)(III). Debtors' testimony that they were unable to pay all of their debts at the time of filing their petition is insufficient as it addresses only their existing debt rather than debt Debtor intended to incur or believed he would incur after he transferred the motorcycle.

Finally, the Trustee argues in her trial brief that because the transfer was made to an "insider," § 548(a)(1)(B)(ii)(IV) is satisfied. While Defendant is an insider, *see* § 101(31)(A)(i), the Trustee must prove that the debtor made the transfer "to or for the benefit of an insider . . . *under an employment contract*. . . ." 11 U.S.C. § 548(a)(1)(B)(ii)(IV). There is no allegation or proof that the transfer was made under an employment contract.

5

Having failed to show the existence of any of the circumstances set forth in § 548(a)(1)(B)(ii), the Trustee has not met her burden of proving that the transfer of the motorcycle was constructively fraudulent under § 548. Defendant is, therefore, entitled to judgment on this claim.

**III. 11 U.S.C. § 544(b)**

The Trustee's complaint specifically states that her fraudulent transfer claim is brought under 11 U.S.C. § 548. Nevertheless, in her trial brief filed several months before trial, the Trustee argues that she may also avoid the transfer of the motorcycle under § 544(b). Although not expressly raised in the complaint by Bankruptcy Code section number,[2] the court may decide this claim to the extent it was tried by express or implied consent of the parties. *See* Fed. R. Civ. P. 15(b); Fed. R. Bankr. 7015. Rule 15(b) provides in relevant part as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Fed. R. Civ. P. 15(b).

Interpreting the mandatory language of the first sentence of Rule 15(b), one court explained that "[w]hen issues not mentioned in the complaint . . . are nevertheless litigated with the consent of the parties, the complaint is not 'constructively amended;' it is simply an irrelevance so far as those issues are concerned." *Torry v. Northrop Grumman Corp.*, 399 F.3d 876, 878 (7th Cir. 2005). The second sentence of Rule 15(b) is permissive and simply allows any party at any time, even after judgment, to move to amend the pleadings to conform to the evidence; however, it does not require that the complaint actually be amended or that a party move to do so in order for the issue to be decided by the court as if it had been raised in the pleadings. *Id.* at 878-79. The Sixth Circuit has cautioned, however, that

> a trial court ... may not base its decision upon an issue the parties tried inadvertently. Implied consent is not established merely because one party introduced evidence relevant to an unpleaded issue and the opposing party failed to object to its introduction. It must appear that the parties understood the evidence to be aimed at the unpleaded issue. Also, evidence introduced at a hearing that is relevant to a pleaded issue as well as an unpleaded issue cannot serve to give the opposing party fair notice that the new, unpleaded issue is entering the case.

---

[2] However, as discussed below, one of the factual averments of the complaint, specifically that there were creditors of the Debtor with allowable claims in existence at the time of the transfer, is relevant only to a § 544(b) claim incorporating Ohio fraudulent transfer law. There was no motion brought under Rule 12(f) of the Federal Rules of Civil Procedure, applicable under Rule 7012 of the Federal Rules of Bankruptcy Procedure, to strike this averment as immaterial.

6

*Yellow Freight Sys., Inc. v. Martin*, 954 F.2d 353, 358 (6th Cir. 1992). The test is "whether the [opposing party] knew what conduct was in issue and had an opportunity to present his defense." *Id.*; *Sasse v. U.S. Dept. of Labor*, 409 F.3d 773, 781 (6th Cir. 2005).

In *Yellow Freight*, a discharged employee of a motor freight carrier filed a complaint with the Secretary of Labor alleging that his employer violated § 405(b) of the Surface Transportation Assistance Act. After reviewing the record of the administrative hearing, the Secretary of Labor concluded that although the employer had not violated § 405(b), it had violated § 405(a) of the Act, a claim that had not been pled by the employee. *Id.* at 355-56. On appeal, the Secretary argued that evidence relating to the unpled claim was introduced at an administrative hearing and that when the employer failed to object, under Rule 15(b) and 29 C.F.R. § 18.43(c), which contains similar language to Rule 15(b), the employer impliedly consented to litigate the unpled claim. *Id.* at 358. However, the employer had no notice of the unpled claim before the hearing and the evidence introduced in support of the § 405(a) claim was also relevant to the § 405(b) claim. *Id.* at 358-59. The Sixth Circuit, therefore, refused to find implied consent. *Id.* at 359.

In this case, although Defendant did not expressly consent to litigate the Trustee's § 544(b) claim, applying the principles set forth in *Yellow Freight*, the court finds that the claim was tried by implied consent of the parties. The Trustee clearly raised the issue in her trial brief filed several months before trial. Thus, unlike the facts in *Yellow Freight*, Defendant had notice well before trial that the Trustee was pursuing an avoidance claim under § 544(b). At trial, the Trustee introduced testimony by Debtors that they filed bankruptcy because, at that time, they were not able to pay their debts. As discussed earlier, this testimony is not relevant in proving any of the circumstances under § 548(a)(1)(B)(ii) that would support the Trustee's § 548 claim. It also has no relevance to the Trustee's preference claim. However, as discussed below, it clearly has relevance to a claim under § 544(b) and the Ohio Fraudulent Transfer Act in proving Debtor's insolvency. While Defendant's failure to object to testimony relevant only to that claim does not by itself establish Defendant's implied consent, his failure to object together with his prior notice of the claim leads this court to conclude that the § 544(b) claim was tried by implied consent of Defendant. Defendant knew what conduct was in issue and had an opportunity to present a defense. The court will therefore address the merits of the Trustee's claim.

Under § 544 of the Bankruptcy Code, "the trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title. . . ." 11 U.S.C. § 544(b)(1). Under § 544(b), the Trustee must show (1) the existence of a creditor holding an allowable unsecured claim, (2) a transfer of an interest of

7

the debtor in property, and (3) the transfer is voidable under applicable law, in this case, Ohio law. *Belfance v. Bushey (In re Bushey)*, 210 B.R. 95, 100 (B.A.P. 6th Cir. 1997).

The Trustee alleged in her complaint that "[t]here are creditors of the debtor who have allowable claims against the Debtor, which claims were in existence at the time of said transfer." [Doc. # 1, Complaint, ¶ 7]. Defendant did not deny this allegation. [*See* Doc. # 7, Answer, ¶ 7]. Averments in a complaint, other than those as to the amount of damage, are admitted when not denied in the answer. Fed. R. Civ. P. 8(d); Fed. R. Bankr. P. 7008. Thus, the first element under § 544(b) is satisfied.

The second element under § 544(b) is also satisfied. There is no dispute that Debtor transferred title to the motorcycle to Defendant. As discussed above, Defendant did not have an equitable interest in the motorcycle. Thus, the transfer was a transfer of Debtor's interest in the property.

The third element requires the Trustee to prove that the transfer is voidable under Ohio law. Although the Trustee relies on both Ohio Revised Code § 1336.04(A) and § 1336.05, the provisions of § 1336.04(A) are substantially the same as the provisions of § 548(a)(1)(A), § 548(a)(1)(B)(i) and (B)(ii)(II) and (III). As the court has already determined that the Trustee failed to meet her burden of proving such claims, it will confine its discussion to the Trustee's claim that the transfer is voidable under § 1336.05.

Section 1336.05 provides in relevant part as follows:

> A transfer made . . .by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer. . . .

Ohio Rev. Code 1336.05(A). In order to prevail on this claim, the Trustee must prove (1) a transfer of property by Debtor; (2) the existence of a creditor whose claim arose before the transfer; (3) Debtor received less than a reasonably equivalent value; and (4) Debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer. As already discussed, the Trustee has met her burden of proving the first three elements. She has also met her burden of proving that debtor was insolvent, as defined by Ohio law, at the time of the transfer.

Under Ohio law, "[a] debtor who generally is not paying his debts as they become due is presumed to be insolvent." Ohio Rev. Code § 1336.02(A)(2). In this case, both Debtors testified that they were unable to pay their debts at the time they filed their bankruptcy petition. Insolvency on the date of filing is, therefore, presumed and Defendant offered no evidence to rebut this presumption. Debtors also testified that they had consulted counsel one week before filing, the appointment for which was made approximately two weeks before filing, or just three days after the motorcycle was transferred to Defendant. On these

8

facts, the court finds that insolvency on the date of Debtor's transfer of title to the motorcycle may properly be inferred from evidence of Debtors' insolvency just seventeen days later on the date they filed their petition. As such, the Trustee has met her burden of showing that the transfer at issue was constructively fraudulent under Ohio law. The Trustee is, therefore, entitled to avoid the transfer under § 544(b).

Under § 550, where a transfer is avoided under § 544, the Trustee is entitled to recover, for the benefit of the bankruptcy estate, the property transferred, or if the court so orders, the value of such property, from the initial transferee. 11 U.S.C. § 550(a)(1). While the Trustee offered no evidence at trial of the value of the motorcycle, she is entitled to recover the motorcycle from Defendant, the initial transferee.

## **CONCLUSION**

For the reasons discussed above, the Trustee is entitled to judgment on her claim brought under 11 U.S.C. § 544(b) to avoid Debtor's transfer of title to the motorcycle, and Defendant is entitled to judgment on the Trustee's claims brought under 11 U.S.C. §§ 547 and 548. A separate judgment in accordance with this Memorandum of Decision will be entered by the court.